Note.—See under (1) 32 Cyc. p. 604; 22 R. C. L. p. 16. (2) 32 Cyc. p. 624. (3) 35 Cyc. p. 893.

---

### In re ESTATE OF WAH-KON-TAH-HE-UMP-AH.

### WORTEN, Gdn., v. BURRIS et al.

No. 17518.    Opinion Filed Dec. 13, 1927.

(Syllabus.)

1. Executors and Administrators—Powers of Executor—Attorney's Fees as Necessary Expense in Preserving Estate.

Under section 11216, C. S. 1921, an execu-

tor under a will is authorized, before he qualifies, to pay funeral charges and take necessary measures for the preservation of the estate. And if it appears necessary to employ an attorney, in order to preserve the estate under the terms of a valid will, he may be authorized to do so, and the attorney's fees may be allowed to such executor as expenses necessarily incurred in preserving the estate.

**2. Same—Duties of Executor in Propounding Will for Probate—Authority Where Contest to Employ Counsel Though Himself an Attorney.**

Where an executor is named in a will, and the person named accepts the executorship, it becomes his duty to propound the will for probate.

And where he offers such will for probate and finds himself confronted with a contest and counsel employed to assist contestants, he is then authorized, if the circumstances render it necessary, to employ counsel to assist him in the contest. And though he may himself be an attorney, and though he may be obligated under the terms of the will to render his professional services, he still has authority to employ assistant counsel, if the circumstances make it necessary.

**3. Same—Manner of Allowing Fee Immaterial.**

Where an executor may be allowed for fees paid to or to be paid to an attorney, out of an estate, as expenses necessarily incurred in the preservation of such estate. it is immaterial whether such item of expense be first allowed to the executor and by him paid to the attorney, or whether it be allowed direct to the attorney.

**4. Same—Necessity for Counsel and Amount of Compensation as Questions of Fact—Appeal—Findings Supported by Evidence not Disturbed.**

The question of necessity for counsel or assistant counsel and the question of the compensation to which such counsel may be entitled are questions of fact, and where the court's finding as to such facts is clearly supported by the evidence, the finding will not be disturbed.

Error from District Court, Osage County; J. R. Charlton, Judge.

In the matter of the estate of Wah-kon-tah-he-ump-ah; A. A. Exendine executor. From judgment in favor of the executor and A. B. Burris allowing attorney's fee to the latter, error is brought by Nannie I. Worten, guardian of Wy-e-gla-in-ka, adult Osage allottee; Burris filing cross-petition in error. Affirmed.

J. C. Cornett, Jesse J. Worten, and J. A. Tillotson, for plaintiff in error.

J. M. Humphreys, Osage Tribal Atty., amicus curiae.

Holcombe & Lohman, for defendant in error A. B. Burris.

Wright, Gill & Ramsdale, for defendant in error A. A. Exendine.

HARRISON, J. This is an appeal from a judgment for attorney's fees allowed to A. B. Burris, defendant in error, for representing the executor named in a will in resisting in a contest against the probate of such will.

As the court made a finding of all facts material to the issues in the case and upon such finding based his judgment, we adopt the court's finding, which is as follows:

"To wit on the — day of ——— Wahkon-tah-he-um-pah, Osage allottee No. 482, died in Osage county, leaving a last will and testament in which she constituted A. A. Exendine as her executor; that the said A. A. Exendine employed A. R. Burris as his attorney to procure the approval of said will by the Secretary of the Interior, which the court finds was necessary in order to admit said will to probate, and to represent him in the matter of the probate of said will; that pursuant to the terms of such employment the said A. B. Burris appeared before the Superintendent of the Osage Indian Agency in the taking of testimony in support of said will and before the Secretary of the Interior; that certain other parties claiming an interest in the estate of the decedent appeared in opposition to said will and objected to and contested the approval of said will; that the Secretary of the Interior in due course approved said will and the said A. A. Exendine, by his attorney, A. B. Burris. presented the same to the county court of Osage county for probate, at which time the same parties appeared in opposition to said will and filed their contest to the probate thereof, after which said matter was duly tried in the county court of Osage county and an order made and entered admitting said will to probate. from which the contestants appealed to the district court of Osage county; that said A. A. Exendine, executor, by his attorney, A. B. Burris, appeared in the district court and prosecuted his petition for the probate of said will and the contestants appeared in opposition thereto and after trial in the district court judgment was entered denying the probate of said will. from which judgment the executor. A. A. Exendine. by his attorney. A. B. Burris. prosecuted an appeal to the Supreme Court of the state of Oklahoma, where judgment was rendered reversing the judgment of the district court and directing the probate of said will. Thereupon the

contestants filed their motion ror a rehearing in the Supreme Court, to which the executor and his attorney objected, and judgment was rendered by the court denying the petition for rehearing; that in the hearing of said cause in the Supreme Court the said A. B. Burris prepared and filed a printed brief and appeared and argued said cause orally; that final judgment of the Supreme Court was rendered, remanding the cause to the district court, directing the probate of said will, and in due course the proper order pursuant thereto was entered in the district court, and the cause was remanded to the county court for proceeding in accordance therewith; that after said will was duly admitted to probate, the said A. B. Burris at all times represented the executor, A. A. Exendine, in the administration of said estate, pursuant to the terms of said will, which has been done and completed except the matter of the allowance of the attorney's fees for the executor.

"The court finds that the services rendered the executor by his attorney, A. B. Burris, were necessary in the matter of the probate of said will and the administration of said estate, and that such services are reasonably worth the sum of $7,500; that during the course of administration the said A. B. Burris has been paid the sum of $2,362.50, which should be credited on the said sum of $7,500, leaving a balance now due the said A. B. Burris of $5,137.50."

And upon such facts the court rendered the following judgment, to wit:

"It is therefore considered, ordered and adjudged that the said A. A. Exendine and A. B. Burris have and recover the sum of $7,-500 less said credit of $2,362.50, being a balance of $5,137.50, for the use and benefit of the said A. B. Burris for his services as such attorney, and that they recover the costs of this proceeding."

From this judgment plaintiff in error has appealed, contending that the court erred in allowing any fees to be paid out of the estate for attorney's services, and defendant in error files his cross-petition claiming that under the evidence he was entitled to a greater amount than the court allowed him. The cause was submitted on oral argument and briefs, and was ably presented by counsel for the respective parties.

It presents three questions, a determination of which is essential to a decision, viz.:

(1)  Was the executor authorized by law to employ an attorney?

(2)  Was it necessary under the circumstances to have an attorney?

(3)  If he had authority to employ an attorney, and it was necessary to have one,

was the fee allowed such attorney a reasonable one?

The first is a question of law, the second and third are questions of fact.

Plaintiff in error contends that the claim of A. B. Burris filed with the county court for compensation for his services was not signed by A. B. Burris, as attorney for the executor, nor signed by A. A. Exendine, as executor of the estate, but was simply signed A. B. Burris, A. A. Exendine, in their individual capacity. This contention, it seems to us, is too ultratechnical to be sustained. The claim was filed in the matter of the estate of the deceased, Mrs. Red Corn, and shows on its face that the attorney, A. B. Burris, had been employed by A. A. Exendine, executor of the estate of deceased, and had rendered services in the discharge of his duties to said executor, setting forth the character and extent of such services.

The record showed A. A. Exendine to be the executor and A. B. Burris the attorney of record and the court was charged with knowledge of the contents of the record. Hence, the fact that the attorney's application for his fees was not signed by A. B. Burris, attorney for the executor, nor signed by A. A. Exendine as executor of the estate of deceased, but was signed simply, A. B. Burris, A. A. Exendine, could not, in our judgment, affect the substantial rights of any party to the suit, especially where the fact that Burris was such attorney and Exendine was such executor is not disputed.

It is also contended that the court was without jurisdiction to allow the fees to the attorney for the reason that the executor had no authority under the statutes to employ an attorney, citing sections 11216, 1197, 1096, and 1321; and contending that A. A. Exendine, as executor, himself being an attorney, had no authority and was not under any circumstances entitled to assistant counsel, citing Needham v. Needham (Idaho) 200 Pac. 346. We observe, however, that the portion of said opinion quoted by plaintiff in error recognized the right to assistant counsel if the circumstances showed a necessity for same.

The language of the court quoted by plaintiff in error is as follows:

"An administrator who is also a lawyer is required to exercise professional skill to conduct the business of the estate himself without extra compensation and without legal assistance, unless a necessity is shown for employment of such assistance."

The case is not in point here except to

the extent that it really supports the rule that if a necessity be shown therefor, an executor may have the assistance of counsel.

Plaintiff in error also cites In re Mc-Lure's Estate, Gow v. Maury (Mont.) 220 Pac. 527, and quotes at great length from the opinion in said case. After reading the entire opinion, and it is an able treatise on the subject, it does not support the contention of plaintiff in error. We observe from the opinion that the trial court had allowed compensation for attorneys to be paid out of the estate, and the opinion concludes:

"We deem the evidence ample to sustain the court's conclusion that the services rendered by these attorneys were necessary and the amount allowed reasonable."

Plaintiff in error cites also a number of cases from the Supreme Court of California and from other states, and also quotes at length from pages 1143-49, vol. 2, Church's Probate Law and Practice. But we find nothing in any of the authorities cited that controls the exact question which the circumstances of this case present.

When the executor herein presented the will in question for probate, he was confronted with a contest and an array of able counsel supporting the contest. He evidently thought it was necessary to employ assistant counsel in order to successfully combat the counsel for contestants. The fact that he was himself a lawyer is immaterial; he may have been a most skillful and learned lawyer in other branches of the law and yet felt himself deficient in knowledge of the probate law, and feeling it his duty to sustain the will and see that the property was distributed under the terms of the will in accordance with the wishes of the testator, he employed counsel. He may have employed A. B. Burris because he knew Burris to be learned in the probate law, and the result of such litigation shows Burris to have been proficient in probate law.

Besides we find no provision of statute which expressly makes it mandatory on an executor to give his professional services to the administration of an estate, in addition to the ordinary duties of an executor or administrator, without additional compensation. We do not concur in the doctrine announced in Needham v. Needham (Idaho) 200 Pac. 346, viz.:

"That an administrator who is also a lawyer is required to exercise his professional skill * * * without extra compensation."

We do not subscribe to the correctness of this doctrine, in the absence of a statute to that effect, and in the absence of some provision in the will from which it can be reasonably inferred that the executor was named because of his being a lawyer, and that he was named in contemplation of his professional services being rendered. In such case, if a lawyer accept the executorship, he would be obligated to render his professional services without additional compensation. But even in such case he would not be deprived of authority to employ assistant counsel, if the circumstances reasonably demanded it.

We have found no decision nor statute which denies the authority of an executor to employ counsel where the circumstances make the services of a lawyer necessary. An executor who is not a lawyer having authority to employ an attorney in a case of necessity, it would reasonably follow that, though he was a lawyer and even though he was bound under the terms of the will to donate his professional services free, still in case of necessity he would be authorized to employ assistant counsel. The question of necessity is one of fact.

While the statutes do not expressly make it mandatory upon an executor to propound the will for probate, yet it is clearly his implied duty to do so. Schouler on Executors (3rd Ed.) section 53, says:

"The first and most pressing duty of every executor nominated as such is to have a will admitted to probate."

The law authorizes the making of a will and the law requires that the property be distributed under the terms of the will. If it be valid, and the desire of the testator as expressed in the will is substituted for the statute on descent and distribution, and becomes in such case the law as to the manner of distribution.

It is therefore as much the duty of an executor to enforce the terms of a valid will as it is of an administrator to enforce the provisions of the statute. Such being his duty. he had authority, at least implied authority, to employ counsel to assist him in the probate of the will, even before he qualified as executor.

Section 11216, C. S. 1921, provides:

"No. person has any power, as an executor, until he qualifies, except that before letters have been issued, he may pay funeral charges and take necessary measures for the preservation of the estate."

When the executor named in the will

concluded to accept the executorship and present the will for probate and found himself confronted with a contest and an array of counsel representing contestants, he then with apparent good reasons thought it necessary to employ assistant counsel in order to preserve the estate under the terms of the will. It appears that the value of the estate was about $150,000.

Under the evidence on the questions, the trial court expressly found, as will be seen from the findings above set out, that the services rendered by attorney Burris were necessary, and that such services were reasonably worth the sum of $7,500, less the sum of $2,363.50 which had previously been paid to him. Such finding, in our opinion, is supported by a fair preponderance or the evidence, if we apply the rule as in law cases, and is by no means against the clear weight of the evidence, if we apply the rule in equity cases.

We do not feel authorized under either rule to reverse the judgment of the trial court and enforce a different conclusion. Plaintiff in error contends that, though defendant in error may have been entitled to the compensation allowed him by the trial court, still such fee was not legally chargeable to the estate, but was chargeable to the executor. Under the circumstances of this case and the findings of the trial court, we do not sustain this contention. The clear weight of authorities seems to be that where the services of an attorney are necessary, an executor may employ an attorney and the fees paid by such executor to the attorney will be allowed out of the estate to the executor as necessary expenses. See pp. 1570-1572, Church's Probate Law, and authorities cited in the text.

This being true, we see no substantial reason why the attorney's fee should not be allowed out of the estate in the first instance. We see no substantial difference in allowing the amount of the attorney's fee to the executor as necessary expenses and in allowing the attorney's fee out of the estate direct, especially under the circumstances of this case, the executor having joined the attorney in the claim filed with the probate court for the attorney's fee.

We find no reason either in the record or in the law for either reversing or modifying the judgment. It is therefore affirmed.

BRANSON, C. J., and MASON, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 23 C. J. p. 1180, §398. (2) 23 C. J. p. 1171, §388; 24 C. J.

pp. 100, 101, §536. (3) 24 C. J. p. 68, §485 (Anno). (4) 24 C. J. p. 99, §530; p. 104 §542 (Anno).