## NICHOLS v. WALLACE, Adm'x.

No. 23019. Opinion Filed March 1, 1932.

Rehearing Denied March 29, 1932.

A. S. Wells, Frank M. Bailey, and O. K. Winterringer, for plaintiff in error.

M. L. Hankins and W. R. Hazen, for defendant in error.

HEFNER, J. On July 22, 1931, Allen G. Nichols, plaintiff in error herein, filed a petition in the county court of Pottawatomie county in the matter of the estate of Alexander Wallace, deceased, praying that he be allowed a reasonable attorney's fee because of services rendered the administratrix in closing the estate. It appears that Mary A. Wallace, administratrix of the estate, entered into an agreement with plaintiff in error to employ him to represent the estate and agreed to pay him, as compensation for his services, a reasonable fee to be allowed by the county court of that county. A hearing was had on the petition on August 3, 1931, which resulted in an order by the court allowing plaintiff in error compensation in the sum of $12,000. The administratrix appealed to the district court and asked that the claim be dismissed. The district court sustained the motion of the administratrix and rendered judgment accordingly.

Plaintiff in error has appealed to this court and asserts that the judgment of the district court is contrary to law. The administratrix urges that the judgment should be sustained because plaintiff in error is not a creditor of the estate, and the county court was therefore without jurisdiction to allow the claim directly to him. Her theory is that the county court might have made a reasonable allowance to her as an attorney's fee, if necessary to employ an attorney, to be paid out of the estate as expenses of the administration, but that it was without jurisdiction to make the allowance directly to the plaintiff in error, and that, if he had a contract with her as contended, his sole and only remedy is an action against her individually. The weight of au-

thority, where the rule is not changed by statute, supports her contention. This court, however, has taken the opposite view.

In the case of In re Estate of Wah-Kon-Tah-He-Ump-Ah, 128 Okla. 181, 261 P. 973, in paragraph 1 of the syllabus, the following rule is announced:

"Under section 11216, C. S. 1921, an executor under a will is authorized, before he qualifies, to pay funeral charges and take necessary measures for the preservation of the estate. And if it appears necessary to employ an attorney, in order to preserve the estate under the terms of a valid will, he may be authorized to do so, and the attorney's fees may be allowed to such executor as expenses necessarily incurred in preserving the estate."

And in paragraph 3, the court said:

"Where an executor may be allowed for fees paid to or to be paid an attorney, out of an estate, as expenses necessarily incurred in the preservation of such estate, it is immaterial whether such item of expense be first allowed to the executor and by him paid to the attorney, or whether it be allowed direct to the attorney."

In the discussion of the case, in the body of the opinion, it is said:

"Plaintiff in error contends that, though defendant in error may have been entitled to the compensation allowed him by the trial court, still such fee was not legally chargeable to the estate, but was chargeable to the executor. Under the circumstances of this case and the findings of the trial court, we do not sustain this contention. The clear weight of authorities seems to be that where the services of an attorney are necessary, an executor may employ an attorney and the fees paid by such executor to the attorney will be allowed out of the estate to the executor as necessary expenses. See pp. 1570-1572, Church's Probate Law, and authorities cited in the text.

"This being true, we see no substantial reason why the attorney's fees should not be allowed out of the estate in the first instance. We see no substantial difference in allowing the amount of the attorney's fee to the executor as necessary expenses and in allowing the attorney's fee out of the estate direct, especially under the circumstances of this case, the executor having joined the attorney in the claim filed with the probate court for the attorney's fee."

This case we think decisive of the question here involved.

See, also, the following cases; Brandenburg v. Dante, 261 Fed. 1021; Hazlett v. Moore's Estate (Neb.) 131 N. W. 589; Knight v. Hamaker (Ore.) 67 P. 107.

The Supreme Court of Nebraska, in the case of Hazlett v. Moore's Estate, supra, held:

"Attorneys who, under employment by executors of a will, render necessary services beneficial to the testator's estate in the settlement thereof, may, in a proper case, file with the county court an itemized bill for their compensation, and the county court has authority to allow a reasonable amount for that purpose as a claim against the estate, where those in control of it refuse to pay the claim and object to any allowance therefor."

Under these authorities the attorney for the administratrix may be allowed a reasonable fee for his services rendered to, for and on behalf of the estate, as such. It must be borne in mind, however, that all services rendered by the attorney may not be rendered for and on behalf of the estate. Sometimes, as in this case, a contest arises between rival claimants as to who are the rightful heirs of decedent, and in such a contest it is a personal one between the claimants to the estate, and the administratrix, as such, is not particularly interested in who may be finally adjudged to be the rightful heirs. It is the duty of the administratrix to preserve the estate; see that no improper claims are allowed; and to hold it in accordance with the law while the contest between the rival claimants is pending. The person who is acting as administratrix, as in this case, may become a claimant as sole heir of the decedent. When she does, she is not acting in the capacity of administratrix, but in her personal character. In other words, she has a dual capacity, one as administratrix, in which it is her duty to preserve the estate as provided by law until the contest between the rival claimants is decided, and the other is a personal claim as an heir of the decedent. When acting in the capacity of administratrix, a reasonable attorney's fee may be allowed for services necessary to be performed for and on behalf of the estate. When, however, not acting as such administratrix, but acting in a personal character as claimant to the estate in a contest with rival claimants, a service performed for her is not a service to her as administratrix, but is a personal service and may not be allowed against the estate.

Suppose A. is an administratrix, B. claims the entire estate as the sole heir of decedent, and C. claims the entire estate as the sole heir of decedent. A contest as to the heirship is filed in the administration proceedings. It is the duty of A. to preserve the estate during the pendency of the contest. A. doubtless would not allow attorney's fees paid to B. or C. as a charge

against the estate. If she allowed it for one, it should be allowed for the other, but neither should be allowed, because that is a contest between individuals or rival claimants and is a personal matter between them and their attorneys.

This case should be reversed and remanded and a reasonable fee should be allowed the attorney for whatever services he performed, if any, for the administratrix in preserving and caring for the estate. Those services performed for one of the rival claimants for the estate should not be allowed against the estate. That service is a personal obligation of the claimant for whom the service was rendered. The cause is reversed and remanded, with directions for the trial court to take such further proceedings as to it may seem just and not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and SWINDALL, JJ., absent.

Note.—See under (1), annotation in 18 A. L. R. 635; 11 R. C. L. 233, 234; R. C. L. Perm. Supp. p. 2906.