Mrs. D.A. Schwint died leaving a small estate, for which an administratrix was appointed. Later a will was discovered and the administratrix was replaced by plaintiff in error, Shubert, as administrator with the will annexed. In the meantime Mrs. Schwint's husband, R. Schwint, died leaving a large estate. Shubert employed plaintiff in error, Charles L. Moore, as attorney to recover certain claimed interests for the estate of Mrs. Schwint from the estate of R. Schwint. It was agreed that Moore was to receive 20 per cent. of the amount recovered. The county court's approval of this agreement was not obtained. Both Mr. and Mrs. Schwint died leaving children by former marriages, but none by their marriage. The living heirs of Mrs. Schwint consisted of five children and four grandchildren, the children of two deceased children.
Defendants in error, Everest Halley and M.A. Bender, were employed by four of the nine heirs of Mrs. D.A. Schwint (being two of the five living children and two of the grandchildren) as attorneys to represent them. By compromise with the administrator of the estate of R. Schwint, the estate of D.A. Schwint recovered $25,000, and on this compromise being made, Charles L. Moore agreed with Shubert to take a flat fee of $4,000 to be paid out of the estate, rather than the 20 per cent. previously agreed upon. This agreement was not submitted to the county court for its approval.
In a hearing upon the matter of the attorneys' fees, the county court found that $4,000 was a reasonable fee and ordered same to be divided five-ninths to Moore and four-ninths to the defendants in error, from which order Moore and the administrator, Shubert, appealed. The district court, on appeal, found the estate of Mrs. Schwint liable for $4,000 attorneys' fees to be paid as follows: Four-sevenths of said sum to Charles L. Moore and three-sevenths to Everest Halley and Bender. The fractional parts awarded to the attorneys were apparently based on the distributive share of the estate of the heirs represented by said attorneys. Moore and Shubert appeal from this order.
1. It is their first contention that a personal representative can legally bind the general estate for fees of attorneys employed by him to represent him in the administration of the estate, and that therefore the trial court erred in not ordering payment of fees to Moore in the sum of $4,000 as per his contract with Shubert. Defendants in error contend that an administrator cannot bind the estate by a contract of employment of an attorney on a contingent fee basis, nor can it limit the court in the exercise of its power to determine and allow a reasonable fee. They argue that the fee allowed Moore was for the court's determination of a reasonable fee and should not be interfered with except for manifest abuse.
In support of their contention, plaintiffs in error cite, among cases from other jurisdictions. Worten v. Burris (1927)128 Okla. 179. 261 P. 973, and Nichols v. Wallace (1932)155 Okla. 231, 9 P.2d 430, which hold that the fees of an attorney employed by the personal representative for purposes sanctioned by law may be paid directly to such attorney from the estate, rather than allowing same to the personal representative as expenses necessarily incurred in preserving the estate. These cases are not in point here, because they do not hold that the estate is liable for, or that the probate court is bound to allow, the amount of the fee agreed to between the representative and the attorney. In fact, in both of the foregoing cases, the amount of the fee was fixed by the court. Despite the fact that in this jurisdiction the county court may allow the attorney's fee to be paid directly from the estate to the attorney, we adhere to the rule that the amount of such fee as may be charged to the estate is within the sound *Page 441 
legal discretion of the county court, and the personal representative is without authority to bind the estate for a fixed sum. This holding is true whether the contract for the amount of the attorney's fee be contingent on the amount recovered or for a fixed amount. Church's Probate Law and Practice (2d Ed.) vol. 2, p. 1572; Bancroft's Probate Practice, vol. 2, p. 811 et seq.; Rickel et al. v. Chicago, R.I. P. Ry. Co. et al. (Iowa, 1900) 83 N.W. 957; In re Estate of Page,57 Cal. 238.
The trial court therefore committed no error in not allowing Moore the amount agreed upon between him and Shubert, the administrator, out of the estate. Nor can we say that the amount allowed Moore by the trial court is against the clear weight of the evidence. While several attorneys testified that the services performed by him were reasonably worth $4,000, yet the court was not bound by the opinions of the attorneys. Such opinions are persuasive only. Maynard v. Maynard (Ky. 1933)64 S.W.2d 567; Freeze v. Pennie (Cal. 1895) 42 P. 978.
2. The next question to be determined is whether the trial court erred in allowing defendants in error a fee from the estate. The legal inquiry involved is whether the estate can be made liable for fees of attorneys employed by some of the heirs.
The general rule is that the employment of an attorney by an heir or legatee will not of itself create a liability on the part of the estate for the fees of such attorney. In re Baxter's Estate (Mont. 1933) 22 P.2d 182; In re Hamilton's Estate (Mont. 1934) 33 P.2d 258. But where the services of the attorney employed by some of the heirs or legatees are beneficial to the estate as a whole, the court may, if the facts justify it, allow out of the estate a reasonable fee for such services. In re Faling's Estate (Ore. 1924) 228 P. 821; In re Hirsch's Estate (N.Y. 1935) 278 N.Y.S. 255; Coker v. Coker (Ala. 1922) 94 So. 308; Dent v. Foy (Ala. 1926) 107 So. 210; In re Simon's Will (Conn. 1887) 11 A. 36; In re Lounsberry's Estate (N.Y. App. Div. 1929) 234 N.Y.S. 680; McCain v. McCain (Ky. 1915) 180 S.W. 56; Farmers' Bank Trust Co. v. Stanley (Ky. 1921) 228 S.W. 691; Daniel Boone Coal Co. v. Sisk (Ky. 1907) 99 S.W. 976; Runkle v. Smith (N.J. 1919) 106 A. 474; 79 A. L. R. 522, note. In some of the cited cases the proceedings were against the representative of the estate and were beneficial to the entire estate. However, we think the principle is the same in those cases as in this case, where the services are for assisting the attorney employed by the representative and are found to be beneficial to the estate. Here both the county court and the district court found that defendants in error performed services which benefited the estate as a whole, and the plaintiffs in error do not question the correctness of that finding.
Our disposition of this case renders it unnecessary to consider the other contentions urged by defendants in error.
Affirmed.
OSBORN, C. J., BAYLESS, V. C. J., and WELCH and PHELPS, JJ., concur.