In the Matter of the ESTATE of Otto L. PARR, Deceased.

No. 36754.

Supreme Court of Oklahoma.

Sept. 13, 1955.

Arney & Baker, Clinton, for plaintiff in error.

Darrah & Cook, Clinton, for defendant in error.

DAVISON, Justice.

This appeal was taken from an order fixing and allowing attorneys' fees to one firm of lawyers and disallowing the claim of another firm to a portion thereof in an administration proceeding wherein partition of the estate was had on final distribution.

Otto L. Parr, a resident of Custer County, Oklahoma, died intestate on June 10, 1953. He was survived by his widow, ten living children and two grandchildren, the issue of a deceased son. In the course of the administration of his estate and after rendition of her final account by his widow, as administratrix, two of his sons, Elmer L. Parr and Max Parr, filed a petition for partition of the common estate under the provisions of 58 O.S.1951 §§ 641 to 651 inclusive. The petition was prepared and filed for them by the firm of attorneys who had handled the remainder of the administration proceeding.

Some two weeks later, another son, Lorin L. Parr, by and through another firm of attorneys, filed another and similar petition, also seeking a partition of the estate. During the progress of the partition proceeding, a number of the heirs filed elections whereby they elected to have distributed to them, at the appraised value, certain items of the property constituting assets of the estate. The remainder of the property was sold in the manner provided by statute. Subsequently, the said Lorin L. Parr filed a motion, having for its purpose the fixing and allowing from the assets of the whole estate, attorneys' fees for services rendered by the firm of lawyers whom he had employed. The court denied the motion for the reason that "all services rendered by (said attorneys) in said cause were rendered for the benefit of Lorin L. Parr and made no material contribution to the benefit of the whole estate." In due time and proper manner, an appeal therefrom was perfected to the district court where the matter was tried de novo. That resulted in an affirmance of the judgment of the county court from which Lorin L. Parr has perfected this appeal to this court.

The only question presented for determination is the propriety and correctness of the order disallowing fees for said attorneys.

No former opinions by this court have any bearing on the question. Both parties make reference to the case of Beatty v. Beatty, 114 Okl. 5, 242 P. 766, wherein it was held that,

"In partition suit by heirs against others to whom estate had been distributed by probate court, based on fraud, taxing costs of plaintiffs' attorney against interests of all parties and costs of defendants' attorneys against interest of defendants substantially complied with Comp.St.1921, § 493, and was not error."

The cited case was a partition suit in the district under particular statutes in the code of civil procedure. It has little bearing on the case now before us, which is governed by the special statutes in the code of probate procedure. However, in both procedures the fixing of attorneys' fees and the taxation thereof are within the exercise of the judicial discretion of the trial court. The above cited case was governed by what is now 12 O.S.1951 § 1515.

The authority of the probate or county court to partition an estate in the course of administration and the procedure to be followed is provided by 58 O.S.1951 §§ 641 to 651 inclusive which were enacted pursuant to authority contained in the Constitution, art. VII, sec. 13. Thereunder, "the county court has as much authority to partition real estate under its probate jurisdiction as it has to sell real estate under its probate jurisdiction." Oil Well Supply Co. v. Cremin, 143 Okl. 57, 287 P. 414, 417, 68 A.L.R. 1471. The partition proceedings constitute one method of making final distribution of the assets of an estate and, when it is followed, the allowance of fees for the services of attorneys handling the same rests upon the same general rules as though the services were rendered in other phase of the administration.

The county court has authority to allow and tax as costs, a reasonable amount in payment for the services but "It must be borne in mind, however, that all services rendered by the attorney may not be rendered for and on behalf of the estate." Nichols v. Wallace, 155 Okl. 231, 9 P.2d 430, 431.

Where the attorney has rendered a service for and on behalf of the estate and is entitled to be paid a fee, "the amount of such fee as may be charged to the estate is within the sound legal discretion of the County Court." Also, where an attorney is employed by an heir or legatee, that in itself will not create a liability on the part of the estate for the fee. "But where the services of the attorney employed by some of the heirs or legatees are beneficial to the estate as a whole, the court may, if the facts justify it, allow out of the estate a reasonable fee for such services." In re Schwint's Estate, 183 Okl. 439, 83

P.2d 161, 163. The last cited case, however, differs from the one now before us in that there, "both the County Court and the District Court found that defendants in error performed services which benefited the estate as a whole." Here, the County Court and District Court found that the services of the attorneys of Lorin L. Parr were for the benefit of the individual and made no material contribution to the benefit of the whole estate. That being so as pointed out in Nichols v. Wallace, supra, the fee could not be allowed against the estate.

The record discloses that the firm of lawyers who handled the entire probate proceeding and also filed the petition for Elmer L. Parr and Max Parr and conducted the partition of the estate, had been originally employed by all the heirs acting in concert and that, at the time of their employment, the matter of having a partition in final distribution was discussed. The fee arrangement agreed upon covered only those services necessary to conclude the proceeding in the normal manner and the additional fee for the partition was to be later determined. There is no testimony to the effect that they did any less work or took any less responsibility because of the other firm being employed by Lorin L. Parr. The petition filed by the latter was, in effect, duplicitous; their services were cumulative and unnecessary for the benefit of the estate. It is true that they spent considerable time and furnished sound advice but the weight of the evidence clearly supports the finding of the trial courts that such services were for the benefit of the individual and only secondarily for the benefit of the estate.

A thorough search of the record fails to disclose any abuse of discretion by the trial court in the rendition of the judgment appealed from and the same is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD and JACKSON, JJ., concur.