**TIMS FUNERAL HOME, Appellant,**

v.

**Marcella PHILLIPS, the Duly Appointed, Qualified and Acting Administratrix with Will Annexed of the Estate of J. V. Garrison, Deceased, Appellee.**

**No. 44580.**

Supreme Court of Oklahoma.

Sept. 19, 1972.

Richard L. Hasley, Oklahoma City, for appellant.

Lloyd H. Henry, Shawnee, for appellee.

DAVISON, Vice Chief Justice:

This appeal deals with priorities of debts in the administration of an insolvent estate. The particular debt involved in this appeal is the debt to Appellant, Tims Funeral Home of Altus, Jackson County, Oklahoma. Although the decedent, J. V. Garrison, died July 29, 1966, a resident of Pottawatomie County, while ill and cared for in the home of Marcella Phillips, it was his request that he be buried in Jackson County. Accordingly, Marcella Phillips, who later was appointed administratrix of decedent's estate with will annexed, employed Appellant to conduct the funeral. Promptly upon her appointment the administratrix gave notice to creditors, as required by law, and Appellant thereafter timely submitted its claim for $650.04. This claim was allowed in its entirety by the administratrix.

In addition to the procedural steps that must be taken in the administration of any estate, under the guidance of a lawyer, it was necessary to sell a small house and lots in Eldorado, Jackson County, Oklahoma, of the appraised value of $1000.00. Pursuant to appropriate procedures, the administratrix received $1,050.00 for the sale of this property. After paying court costs and other necessary expenses incurred in connection with the sale, there remained for distribution $843.11.

The Final Account of the Administratrix asked for a payment of a reasonable attorney's fee and the out-of-pocket expense of the administratrix. The Appellant filed an objection to the allowance of such expenses of administration and to the discharge of the administratrix until Appellant's claim in the sum of $650.04 had been paid.

After the hearing on the Final Account the trial court found that $560.00 was a reasonable attorney's fee and that the administratrix had testified to an out-of-

pocket expense of $532.00. In approving the Final Account the trial court prorated the amount of $843.11 available for distribution as follows:

| | |
|---|---|
| "Tims Funeral Home | $322.32 |
| Carey and Henry, Attorneys for the Administratrix | $277.68 |
| The Administratrix | $234.11" |

In Appellant's Petition in Error appears the following specific assignment:

"Said Court erred in ruling that the claim against the estate for payment of funeral expenses should not take priority over payment of administratrix expenses incurred by said administratrix and payment of her attorney's fees incurred by attorneys for the estate of said J. V. Garrison, deceased."

Appellant and Appellee each say the question posed by the above assignment has never been answered by this court. Our research has not revealed that we have answered this question.

For an answer, we turn first to the Oklahoma Statutes. 58 O.S.1961 § 591 (Supp.1967) provides:

"The debts of the estate must be paid in the following order:

1. Funeral expenses.

2. The expenses of the last sickness.

*   *   *   *   *   *

8. All other demands against the estate."

This section must be construed with 58 O.S.1961 § 594, which reads:

"The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses, and the expenses of the last sickness, and the allowance made to the family of the decedent. *He may retain in his hands the necessary expenses of administration,* but he is not obliged to pay any other debt or any legacy until, as prescribed in this chapter, the payment has been ordered by the court. R.L.1910, § 6450, as amended Laws 1953, p. 242, § 51." (Emphasis supplied).

We agree with the interpretation given these two sections by Bancroft's Probate Practice 2nd Edition. We quote from the applicable paragraph of § 1048:

"The statutes of the several states provide the order of priority, and while there is some variance in some of the statutes, in the main they follow the same general pattern. In most of the states, the expenses of administration constitute the first class properly considered as obligations of the estate, and they are almost universally made prior in right to payment over all other obligations. The executor or administrator is, in fact, commonly authorized to retain in his hands the necessary expenses of administration. *   *   *."

In support of this statement, statutory citations from the following states are given; Oklahoma, Arizona, California, Montana, Nevada, New Mexico, North Dakota, Wyoming and South Dakota.

The origin of §§ 591 and 594, as well as many other parts of our Probate Code, is Compiled Laws, Dakota, 1887 via California Code of Civil Procedure (1872) §§ 1643 and 1646. While §§ 591 and 594 remain substantially similar to their counter-parts, §§ 5908 and 5911 Compiled Laws, Dakota, 1887, other western States have amended these laws to conform precisely to the interpretation given by Bancroft's Probate Practice. For example, California, New Mexico and North Dakota, while still retaining statutory language that corresponds to our § 594 now say expressly, in prescribing priorities, what heretofore has been left to implication: "(1) The necessary expenses of administration; (2) Funeral expenses; (3) The expenses of the last sickness. *   *   *." See N.D.Century Code § 30–18–18 and West's Anno.Cal. Code, Probate §§ 951 and 954. This interpretation is consonant with 58 O.S.1961 § 525, which declares expressly, without limitation, that the executor or administrator "shall be allowed all necessary expenses in the care, management and settlement of the estate, *   *   *"; and is consonant also with 84 O.S.1961 § 3, sub. 5, which says, *   *   * "Before any debts are paid, the

**496**

expenses of the administration and the allowance to the family must be paid or provided for." § 3, in effect, subordinates funeral expenses to administration expenses.

Emphasizing the preference accorded the executor or administrator by § 594, ("He may retain in his hands the necessary expenses of administration") is to recognize that such expenses are necessary to preserve the decedent's estate for all creditors, especially the preferred creditors. They involve the payment of court costs, the preparation of pleadings by a lawyer for the appointment of an administrator, for notice to creditors, for inventory and appraisement, for the sale of real and personal property, for the preparation of reports and income and estate tax returns, for advice and counsel and for many other matters, including steps taken by the administrator himself, to preserve the estate. All of this is primarily for the benefit of creditors. Without it, the creditors get nothing. If a creditor petitioned for the appointment of an administrator, such a creditor's necessary expenses of administration, including necessary attorney's fees would be preferred. It should hardly be necessary to cite authority in support of the right of an administrator to employ counsel. Nichols v. Wallace, 155 Okl. 231, 9 P.2d 430.

In re Smith's Estate, 118 Cal. 462, 50 P. 701, involved priority between an executor's necessary expenses of administration and a family allowance referred to in our § 594. In deciding the contest the Supreme Court of California, said: "The expenses of administration must, in the nature of things, have priority in the order of payment. The executor cannot be compelled to pay them from his personal assets, but may apply the money in his hands belonging to the estate to that purpose." At the time this opinion was written by the California Supreme Court §§ 1643 and 1646, Code of Civil Procedure of California (1872) was in effect. These two sections were adopted verbatim by Dakota territory §§ 5908 and 5911—Compiled Law of Dakota, the origin of our §§ 591 and 594.

■ One who advances money to an administrator or executor to be used in preservation of an estate is in the same preferred position as the personal representative. Perez v. Gil's Estate, 29 N.M. 313, 222 P. 907.

■ On the basis of the foregoing, we conclude that Appellant's claim should not have been paid until after the administratrix received the necessary expenses of administration, including a reasonable fee for her attorney. The trial court awarded Appellant an amount in excess of that authorized by law. Appellant is in no position to attack the judgment of the trial court.

Affirmed.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER and BARNES, JJ., concur.