637 P.2d 855 (1981)
In the Matter of the ESTATE OF Carl KATSCHOR, Deceased.
Phillip Kurt STUMPFF, a minor, Erik John Stumpff, a minor, Stacia Louise Stumpff, a minor, and Stefanie Pauline Stumpff, a minor, by Phillip W. Stumpff, their father and next friend, Appellants,
v.
Marie KATSCHOR, Appellee.
No. 53955.
Supreme Court of Oklahoma.
October 20, 1981.
Rehearing Denied January 7, 1982.
Garvin, Bonney, Weaver & Corley, Duncan, for appellants.
Rice & West by Wm. O. West, Edmond, for appellee.
SIMMS, Justice:
The contestants of the will of Carl Katschor bring this appeal to settle the following *856 question: Are successful will contestants entitled to recover their attorney fees out of the estate?
The trial court refused to award attorney fees under these circumstances and the Court of Appeals reversed the judgment below. We Grant Certiorari, Vacate the opinion of the Court of Appeals, and Affirm the trial court's denial of attorney fees from the estate to the successful contestant.
In so doing, we hold that such an award is not allowed in Oklahoma except in two limited situations: first, where the attorney has "benefited" the estate, i.e., increased the corpus of the estate; second, where an "overiding equitable consideration" demands the award.
Carl Katschor died on November 2, 1972. His wife, Marie Katschor, his sister Louise Schepp, and Alberta Louise Stumpff were his sole and only surviving heirs.
Marie Katschor filed a will for probate which left virtually all of Carl's estate to her. At time of probate, the contestants, children of Alberta Stumpff, challenged the will on grounds of undue influence. They asked the court to accept an earlier will which left half the estate to Marie and half to Carl's sister and the contestants.
The trial court admitted the contested will to probate; this Court Reversed that decision on a writ of certiorari from the Court of Appeals.[1]
A second trial on the wills admitted Marie's will to probate. Contestants appealed and the Court of Appeals ruled that Marie's will was invalid because of undue influence.[2]
Following mandate of that decision, the successful contestants asked the trial court for payment of attorney fees and expenses out of the estate. The Court of Appeals reversed the trial court's denial of the request.[3] We granted certiorari.
On the award of attorney's fees, Oklahoma follows the so-called American Rule, that is, attorney's fees are not ordinarily recoverable in the absence of a statute or an enforceable contract. City Nat. Bank and Trust Co. v. Owens, Okl., 565 P.2d 4 (1977). Several exceptions exist to the general principle that each party should bear the expenses of his own legal representation. For example, the inherent equitable power of the court allows the award of attorney's fees when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reason. They may be awarded where a successful litigant has conferred a substantial benefit upon a class of persons and the court's shifting of the fee acts to spread the cost among the members of the benefited class. Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973)[4]; State ex rel. Burk v. City of Oklahoma City, Okl., 598 P.2d 659 (1979).
Oklahoma cases on the subject of attorney's fees in contests before probate proceedings have adhered to the doctrine that "before an attorney is entitled to compensation in a probate proceeding, he must bring himself within the common fund doctrine, that is to say, that he must make a contribution to the welfare of the entire estate, otherwise, he is not entitled to attorney's fees." Hooker v. Hoskyns, Okl., 328 P.2d 404 (1958); In re Schwint's Estate, 183 Okl. 439, 83 P.2d 161; In re Parr's Estate, Okl., 287 P.2d 906 (1955); Steger v. Gibson, Okl., 287 P.2d 687 (1955).[5]
*857 In Nichols v. Wallace, 155 Okl. 231, 9 P.2d 430 (1932), this Court specifically held:
"Those services performed for one of the rival claimants for the estate should not be allowed against the estate. That service is a personal obligation of the claimant for whom the service was rendered." [emphasis added]
In re Schwint, supra, clearly intends benefit to mean an increase in the assets of the estate. Schwint allows for reasonable attorney fees only "if the facts justify it," not as an automatic award.
Rather than relying on the Oklahoma cases as to what constitutes a benefit, however, appellants would have us adopt the view of In re Wilmott's Estate, Fla., 66 So.2d 465 (1953); and, In re Faling's Estate, 113 Or. 6, 228 P. 821 (1924).[6]
Nothing in Wilmott compels this Court to adopt a new understanding of "benefit". Wilmott says that attorney fees to successful contestants is allowed in jurisdictions having similar statutes (such was the case in Wilmott) or on the theory that the estate is necessarily benefited whenever the probate of an invalid will is successfully contested. In other words, Wilmott sees a benefit in preventing an unlawful distribution even if nothing was added to the value of the corpus of the estate. If one accepts this definition of benefit, why not allow the unsuccessful contestants of a will attorney's fees (as some jurisdictions have) on the theory that even the unsuccessful contestant aided in settling the question of the validity of the will.
Unquestionably, the court has the equitable power to award attorney's fees in certain instances. This equitable power must be used with discretion  in the service of the successful party against a powerful, oppressive opponent, or where counsel has litigated and won a public interest kind of issue. Dobbs on Remedies; Phillip J. Mause, "Winner Takes All: A Re-Examination of the Indemnity System," 55 Iowa L.Rev. 26 (1969); Hall v. Cole, supra.
We should heed the warning of Justice Frankfurter in Sprague v. Ticonic Nat. Bank:
"As in much else that pertains to equitable jurisdiction, individualization in the exercise of a discretionary power will alone retain equity as a living system and save it from sterility.
"In any event such allowances are appropriate only in exceptional cases and for dominating reasons of justice. [emphasis added] 307 U.S. 161, 166, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939).
In the light of prior Oklahoma cases and in the absence of statutory authority, refusal to award attorney's fees in this case was proper. There is simply no "overriding" equitable consideration present here. In re Parr's Estate, supra, sums up the situation:
"It is true that they [the attorneys] spent considerable time and furnished sound advice but the weight of the evidence clearly supports the finding of the trial court that such services were for the benefit of the individual and only secondarily for the benefit of the estate."
Certiorari Granted, Opinion of the Court of Appeals Vacated, Judgment of the Trial Court AFFIRMED.
*858 IRWIN, C.J., BARNES, V.C.J., HODGES, J., and BRETT, Special Judge, concur.
OPALA, J., concurs in result.
LAVENDER, Justice, dissenting:
I am of the view the Court of Appeals Opinion was correct in this matter. I am authorized to state that Justice Hargrave joins me in this view.
NOTES
[1] 543 P.2d 560 (1975).
[2] 49 OBJ 1607.
[3] 51 OBJ 1949.
[4] Though benefit is understood in the Oklahoma line of cases to be an increase in the corpus of the estate, the Supreme Court in Hall v. Cole, allows that a benefit might include litigation "which corrects or prevents an abuse which would be prejudicial to rights and interests of others." I interpret this to mean "rights and interests." of constitutional dimension since Hall v. Cole dealt with the right to free speech. To give a less lofty meaning to this phrase would lead to the award of attorney's fees in all cases in every litigation there is, ideally, some correction or prevention of abuse prejudicial to rights and interests.
[5] It should be noted that the doctrine does not apply to an attorney duly employed by the personal representative of the estate. Okl., 287 P.2d 687 (1955).
[6] The message and holding of Faling is rather more complicated than appellant suggests. Its holding is based on the formula expressed in Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, that a trust estate must bear the expenses of its administration: "This has long been the rule in relation to proceedings for restoring property to the uses of a charity, which has been unjustly diverted therefrom." 228 P. 821, at 827. Greenough, as Faling also notes, warns against the practice of charging funds within the protection of the court with large attorney's fees. See In re Lappy's Estate, 202 Or. 571, 277 P.2d 781 (1954) for commentary on Failing.

In re Failing's Estate is in accord with the general rule that attorneys are entitled to a reasonable fee out of the estate only when the expense was incurred for the benefit of the estate as a whole. Faling did not include in its holding situations such as the instant case: "When a contest is narrowed down to the proclaims interests of proponents and contestants, claims for attorney's fees against the estate should be denied." (p. 830)