JOHN F. BEYER, Respondent, v. THE NORTH AMERICAN COAL & MINING COMPANY, a Corporation, Appellant.

(175 N. W. 216.)

In an action brought by a minority stockholder to recover attorney's fees and expenses incurred by him in representing the interests of the corporation in former litigation, where it appeared that through the activity of the plaintiff the officers of the corporation had been prevented from carrying out a fraudulent scheme or schemes designed to sacrifice the assets of the corporation, it is *held:*

**Corporations — suit by minority stockholder — attorneys' fees — amount recoverable.**

1. The amount of fees and disbursements recoverable is not limited to the amount of a fraudulent mortgage, which the plaintiff succeeded in having canceled, but may be measured according to the value of the assets which, through his activity, were saved to the company.

**Corporations — lien on corporate property for services.**

2. Where a lien is claimed in specific property of the corporation, and it appears that the particular property was saved to the corporation by the activity of the plaintiff, the recovery may properly be made in equity a specific lien upon the property so saved.

**Corporations — attorneys' fees — enjoyment by corporators of benefits of suit — corporation should pay expenses.**

3. Where no prejudice is shown to have resulted from the failure to allow to the plaintiff attorney's fees in the suits prosecuted by him on behalf of his corporation, and where the corporation still enjoys the benefits secured to it by the plaintiff, it is still obligated in equity and good conscience to pay such expenses, and they may be allowed in a separate suit brought for the purpose of charging the assets.

**Corporations — allowance of claims.**

4. It was error to allow certain items of taxes which were paid upon lands not involved in the present action.

43 N. D.—26.

**Corporations — action for personal benefit of stockholder — special claim for attorneys' fees disallowed.**

5. The present action being brought primarily for the personal benefit of the plaintiff, it was not error to disallow a special claim for attorneys' fees incurred therein.

**Corporations — money advanced by minority stockholder for benefit of corporation — reimbursement.**

6. The plaintiff having advanced money to reimburse a redemptioner whose certificate and sheriff's deed are canceled, thus revesting title in the corporation, is entitled to reimbursement in this suit and to a lien for the amount advanced.

Opinion filed November 1, 1919.

Appeal from the District Court of Stark County, *K. E. Leighton,* J.

Modified and affirmed.

*Bangs, Hamilton, & Bangs* and *W. G. Mayer,* for defendant and appellant.

When a minority stockholder's suit is brought for the benefit of the corporation which has refused to sue, and the suit is successful, on the principle of benefit in preserving a trust fund, allowance for fees and expenses may be made in proper cases out of the corporate property so benefited. Louisville Bridge Co. v. Dodd, 27 Ky. L. Rep. 454, 85 S. W. 683.

When there is no benefit gained by the corporation the right of the minority stockholder to be reimbursed for expenses and attorney's fees will be denied. Lamar v. Hall & Wimberly, 129 Fed. 79; Burley Tobacco Co. v. West, 165 Ky. 762, 178 S. W. 1102; Forrester v. Boston & M. Consol. Copper & S. Min. Co. 29 Mont. 397, 74 Pac. 1088.

*M. A. Hildreth,* for respondent.

The North American Coal & Mining Company, so far as this litigation is concerned, and under the decisions of this court so far as its officers, agents, and servants are concerned, stands *in particeps criminis* with the Investors' Syndicate. Investors Syndicate v. N. A. C. & M. Co. 31 N. D. 280; Beyer v. Wolpert, 109 N. W. 1116.

Where the assets of a corporation are being depleted and the officers

are acting, either through negligence or by reason of preconcerted arrangement with others, to deplete the assets of the corporation, then a party holding stock has the right to intervene and take such steps as are proper to protect the assets of the corporation. Miner v. Ice Co. 93 Mich. 97; Torey v. Toledo Cement Co. 150 Mich. 86; 4 Clark & M. Priv. Corp. § 43; Sant v. Perronville Shingle Co. 146 N. W. 214; Grant v. Lookout Mfg. Co. 37 L.R.A. 98, 53 N. W. 218, 135 N. W. 997; Meeker v. Winthrop Iron Co. 17 Fed. 49; William Firth v. Mullen Cotton Mills, 129 Fed. 141.

"One jointly interested in a common fund, who in good faith maintains the necessary litigation to save it from waste and secure its proper application, is entitled in equity to the reimbursement of his costs as between solicitor and client, either out of the fund itself, or by proportionate contributions from those who receive the benefit of the litigation." Trustee v. Greenough, 105 U. S. 527; Central R. & Bkg. Co. v. Pettus, 113 U. S. 116.

BIRDZELL, J. This is an appeal by the North American Coal & Mining Company from the same judgment that was involved in the appeal of the Investors' Syndicate recently decided by this court. Beyer v. North American Coal & Min. Co. 42 N. D. 483, 173 N. W. 782. In that appeal the question of the effect of an attempted redemption by the Investors' Syndicate was presented. The judgment contained a provision invalidating the redemption and holding that the Investors' Syndicate had no right, title, or interest in the land described, which it had ostensibly acquired by redemption and sheriff's deed, and this portion of the judgment was affirmed. This appeal is by the North American Coal & Mining Company, against whom the judgment stands as a personal judgment. The facts leading up to the entry of the judgment are sufficiently stated in the main opinion upon the appeal of the Investors' Syndicate, and need not be repeated here. The appellant assails the judgment upon four principal grounds: (1) That the expenses recoverable in equity by a stockholder who has incurred them in conducting litigation on behalf of his corporation without the approval of other stockholders is limited to the benefits secured for the corporation; (2) that there is no fund before the court against which the judgment sought can be specifically charged by the

decree; (3) that, in so far as attorneys' fees enter into the judgment appealed from, they are an improper element of recovery, for the reason that they should have been taxed in the original actions where they were incurred; (4) that certain items of expenditure for taxes were improperly allowed.

The appellant does not contend that a minority stockholder may not be reimbursed for expenses and attorneys' fees incurred in a suit brought by him on behalf of the corporation, but it does contend that the recovery or reimbursement must be limited to the benefits resulting. It is argued that the corporation in the instant case is called upon to pay a judgment amounting to approximately $6,000, for which the only benefit received through the efforts of Beyer, the minority stockholder and present judgment creditor, was the release of a fraudulent mortgage amounting to $2,600. If the appellant's proposition is correct as applied to this case, the judgment would necessarily be reduced to conform to the amount of the benefit. But it is apparent to us that the appellant's view as to the benefits resulting to the corporation through Beyer's activities on its behalf is much too narrow. On the face of the records, which contain the history of the litigation conducted by Beyer as the champion of the interests of the North American Coal & Mining Company, the officers and agents of that company and the officers and agents of the Investors' Syndicate have been convicted of a fraudulent conspiracy to loot the coal company of its assets, and they have been frustrated in their efforts only through the activity of Beyer, as a minority stockholder acting on behalf of his corporation. The appeals from the present judgment well illustrate the narrowness of the appellant's conception of benefits. In the appeal of the Investors' Syndicate it was strenuously contended that that corporation had acquired complete title by sheriff's deed to certain land which comprises the principal part of the assets of the coal company, and it is only through the efforts of Beyer in this and other litigation that the Investors' Syndicate has been prevented from acquiring the title to the property of the Coal & Mining Company. We have no doubt that but for the activity of Beyer the North American Coal & Mining Company would have been, ere this, entirely stripped of its assets. This statement finds justification in the history of the litigation previously conducted between these parties. The benefit, there-

fore, to the North American Coal & Mining Company is more properly to be measured by the value of its assets than by the amount of the fraudulent mortgage which Beyer succeeded in having canceled. There is no showing made or attempted that the value of the assets saved to the company through the activity of Beyer does not exceed the judgment in this action.

It is next argued that a court of equity has not the power to impose a lien upon the general assets of the corporation in this action, for the reason that there is no fund or property in court in possession of a trustee or receiver. This argument impresses us as being without merit. The appointment of a receiver or trustee adds nothing whatever to the powers of a court of equity. Those who may be designated to occupy such relationships would only be the instruments through which the court would execute its inherent powers. A court of equity affects the title to property quite as effectively in an action for specific performance or to enforce a vendor's lien as in any other character of action, and yet it customarily does not have the property before it in the possession of a receiver or trustee. The only authority cited by the appellant in support of this proposition is the case of Forrester v. Boston & M. Consol. Copper & S. Min. Co. 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211. The holding in that case does not go to the length of supporting the appellant's contention. The court indicated that the *power* to allow the attorney's fee in no way depended upon the mere possession of a trust fund. It did not have before it the question as to whether or not such allowance as it might deem proper could be made a charge upon specific property of the defendants. In the case at bar it clearly appears from the findings, which are well supported by the evidence, that the property upon which the plaintiff's judgment is made a specific lien is the same property that was saved to the corporation through his efforts. For the purpose of charging this property with the payment of the plaintiff's judgment, it seems to us to be entirely immaterial whether the action be construed as proceeding *in rem* against the property or *in personam* against the defendants. The fact remains that in equity the plaintiff is deemed to have a superior lien upon the specific assets that he has saved to the corporation, and the form of the expression in the judgment which is designed to give effect to the lien is wholly immaterial.

It appears to us that the contention of the appellant to the effect that the attorneys' fees entering into the judgment in this action should have been allowed in the suits in which the liability of the plaintiff therefor was incurred is altogether without merit. No prejudice is shown to have resulted from the fact that the amount of the attorney's fees was not ascertained and allowed at the time of the former litigation. Whatever benefit the defendant received it still enjoys, and it is still obligated in equity and good conscience to pay the expenses properly incurred in the successful efforts to conserve its assets.

It is pointed out by appellants that a portion of the taxes entering into the judgment in the instant case were paid upon the northwest quarter of section 16. In the findings it is stated that the assets (with certain immaterial exceptions) of the North American Coal & Mining Company consist of the southeast quarter of section 16 and the north half of section 21, township 139 north of range 94, west of the 5th P. M. An examination of the record discloses that certain items of taxes which were specifically allowed by the court were upon the northwest quarter of section 16, which is not involved in this judgment. In the former action to determine adverse claims (Beyer v. Investors' Syndicate, 31 N. D. 247, 153 N. W. 476), in which Beyer was subrogated to the public lien for taxes previously paid by him, he was given a judgment for taxes paid subsequent to 1894 upon the same three quarter-sections of land involved in this judgment, and it was specifically held that he was not entitled to a lien for the taxes paid on the northwest quarter of section 16, which was also involved in that action. The latter holding was apparently based upon the conclusive force of the judgment against Beyer in Investors' Syndicate v. Letts, 22 N. D. 452, 134 N. W. 317. This would seem to be an adjudication of Beyer's right to recover taxes paid upon the northwest quarter of section 16 in this action, as well as the one which was then before this court. However, it is clear that the taxes paid upon this quarter-section should not be made a lien upon the three quarters involved in this suit, and that the judgment should be modified accordingly.

The respondent asks that the judgment in his favor be modified in two particulars: (1) That he be allowed a reasonable attorney's fee for litigating this case; and (2) that the judgment be increased by

allowing an item of $320 representing a prior judgment which Beyer holds against the North American Coal & Mining Company. It is quite apparent on this record that this litigation is brought largely for the purpose of protecting the personal interests of Beyer which had not been sufficiently protected in the prior litigation conducted by him on behalf of the corporation. It is true that, incidentally, it became necessary in this litigation for Beyer to again champion the interests of his corporation to the extent of setting aside a redemption made by the Investors' Syndicate, with the result that the redemption is decreed to be for the benefit of the coal company. But Beyer was not altogether free from responsibility for the litigation incident to the redemption, for it was complicated by the fact of his reception of the redemption money. Furthermore, if there had been no redemption he would have had title to the property under the sheriff's sale, instead of either the coal company or the Investors' Syndicate. These facts have a proper bearing upon the equity he seeks as to attorney's fees in this case. His present action cannot be said to be purely in the interests of the corporation, and he is not entitled to a special allowance for attorney's fees in this litigation.

As to the judgment for $320, it became the property of the plaintiff by assignment in 1906. The respondent assigns no equitable reasons for decreeing this judgment to be a specific lien upon the assets involved in this case, and this request for modification is denied.

The judgment appealed from contains a provision to the effect that, upon the acceptance by the Investors' Syndicate of the redemption money hereinbefore referred to, the plaintiff Beyer shall be entitled to receive a sheriff's deed to the lands. This provision of the judgment is clearly erroneous, and is inconsistent with the respondent's own contentions regarding his protection for the money advanced to redeem from the Investors' Syndicate. Respondent, in his brief, states that the attempted redemption leaves the plaintiff with a judgment or certificate of sale on his hands which must be taken into consideration in this case. The legal effect of the redemption has already been determined, the so-called redemptioner, Investors' Syndicate, having been decreed to have redeemed for the North American Coal & Mining Company. The redemption, then, restores the land to the judgment debtor. But the right of the Investors' Syndicate to be reimbursed is also recog-

nized in the judgment as above indicated, and the money to reimburse it has been advanced by Beyer. He is entitled, therefore, to have his judgment in this action increased and made a specific lien upon the property involved herein to the extent that the money advanced by him is applicable to clear the three quarter-sections involved from the sheriff's sale under his original judgment, from which redemption has been made.

With the modifications stated in this opinion, the judgment appealed from is affirmed. The respondent is entitled to costs.