Edward S. Silver, J.
Incidental to the entry of a decree determining the various-issues formulated by the pleadings of the parties to this proceeding, applications are presented by several *1025 of such parties for allowances pursuant to subdivision 6 of section 2302 of the SOPA.
The trustee is awarded the sum requested and agreed to by the Attorney-General of the State of New York.
One of the annuitants seeks an allowance for the legal expenses incurred by her in the construction of the will. The brief submitted in her behalf was described as being “ in .response to the report of the special guardian ” and in opposition to his request for a hearing. It was concerned only with the validity of the annuity and described the will as ‘1 clear, internally consistent, unambiguous ’ ’, and as creating valid interests in favor of the annuitants. It expressly relied entirely upon the answer of the Attorney-General and the memoradum of law submitted by him in support of the validity of the residuary trust for charitable purposes. The court awards the sum of $500 to such annuitant, payable to her attorneys, as a reasonable charge to the general estate, and as a contribution towards her legal expenses.
The issues in this matter were determined by decision, dated July 26, 1967. In addition to holding that the testator had created six true annuities and that the trust of the residuary estate for charitable purposes was valid, the court found that one of the two distributees in intestacy was bound by a release executed by her and the other by a consent to the settlement of the second intermediate account of the trustees. Counsel for the original petitioner in this proceeding, nevertheless, seeks allowance under the cited section.
This proceeding was commenced by the presentation of a petition by Clark C. Benson, who described himself as follows: “ 1. That he is an heir at law, being the only child of a deceased neice [sic] of the testator, Frank E. Clark, deceased, who died the 23rd day of October, 1936 ’ ’. In fact the testator was survived by the afore-mentioned niece, and a half sister, who were his statutory distributees in intestacy. At a later stage in the proceeding, the said petitioner as coexecutor of his mother’s will, together with his cofiduciary, adopted the original petition and joined “ with him in the prayer sought in said application.” The original petition prayed “ for a decree declaring and determining that the trust established under Paragraphs Third, Fourth, Fifth, Tenth and Eleventh of said will, is illegal and invalid for the aforesaid reasons and declaring and directing that the corpus of said trust pass as in intestacy, to the aforesaid heirs at law and next of ldn of the testator.”
Clara M. Benson, the niece of the testator died on September 6, 1951. She, together with her codistributee had filed objections *1026 to the probate of the will, which they later withdrew upon the payment to them of a substantial sum of money, in addition to the benefits given each by the will. Thereafter, she accepted such benefit for approximately 15 years as one of the annuitants under the will to the date of her death. The other distributee, now an incompetent, has been represented in this proceeding by a conservator who was appointed in the State of Connecticut after the institution of this proceeding, and by a special guardian. The. conservator aligned himself with the petitioner, although the annuity to his ward has been accepted without question for more than 30 years. The distributees were parties to the proceeding for the judicial settlement of the account of the executor and the first intermediate account of the trustee, and decrees were entered in each proceeding without complaint on their part. In brief, neither the niece nor the half sister ever questioned the validity of the dispositions provided by the will, subsequent to its admission to probate.
Subdivision 6 of section 2302 of the SCPA empowers the court in a proceeding to construe a will to allow to “ any party to the proceeding such sum as it deems reasonable for his counsel fees and other expenses necessarily incurred in the proceeding ”. The making of such allowance is not dependent upon the ‘ ‘ vindication of the party’s interpretation of the will” (Matter of James, 2 Misc 2d 468), but is justified upon the ground that the clarification of the will is beneficial to the entire estate (Matter of Ablett, 3 N Y 2d 261, 279). However, the making of the allowance is wholly discretionary with the court, and in the circumstances of this matter the grant of an award to the petitioner for his legal expenses would constitute an abuse of that discretion and result in penalizing the successful parties. This petitioner, both in his individual and representative capacity, initiated the proceeding solely in the hope of personal gain, and without any intent to benefit the estate. His predecessor in interest would be lacking in status to maintain the proceeding if she were alive. The petitioner’s request for an allowance is denied (Matter of Mahstedt, 234 App. Div. 891; Matter of Hayden, 200 Misc. 758; Matter of Hams, N. Y. L. J., March 26, 1946, p. 1179, col. 6 [N. Y. County]).
(November 8, 1967)
The court upon its own motion corrects its decision of October 25, 1967 in respect of the following factual statement: although Clara M. Benson accepted a substantial sum of money, in addition' to' the- benefit .'given her by the will, in lieu of its *1027 contest, she did not, in fact, file objections, but threatened to do so.
The denial of an allowance was intended to apply to all of the persons who joined in the prayer of the petition for a construction of the will.