In the Matter of the ESTATE OF Marius HONERUD, Deceased.

Civ. No. 10235.

Supreme Court of North Dakota.

Nov. 10, 1982.

DeLayne Nassif, Fargo, for Kenneth C. Sanden.

Conmy, Feste & Bossart, Fargo, for Adeline Sanford and Hermoine Hammargren; argued by Wickham Corwin, Fargo.

PEDERSON, Justice.

This is an appeal from a judgment of the district court of Cass County dismissing an appeal from a judgment of the county court which denied fees and costs to the proponent of a contested will. We affirm.

Kenneth Sanden filed for probate a will executed by Marius Honerud which effectively disinherited his two daughters and left the bulk of his estate to Sanden. The validity of this will was before the court in *Matter of Estate of Honerud,* 294 N.W.2d 619 (N.D.1980). In that case, we affirmed the lower court's determination that Honerud lacked testamentary capacity and that the contested will was therefore invalid. Sanden then sought attorney fees from the Honerud estate for his efforts in attempting to probate the will. It is from the denial of costs and fees that Sanden appeals.

The issue for our consideration is whether or not Sanden was the personal representative and acted in good faith in attempting to probate the will so as to entitle him to expenses and attorney fees pursuant to § 30.1–18–20 (3–720), NDCC.

■ Section 30.1–18–20, NDCC, provides that:

"If any *personal representative* or person nominated as personal representative defends or prosecutes any proceeding in *good faith,* whether successful or not, he is entitled to receive from the estate his necessary expenses and disbursements, including reasonable attorneys' fees incurred." [Emphasis added.]

Sanden was named personal representative in the contested will and this, he claims, entitles him to costs and attorney fees. Personal representative includes the "executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status." Section 30.1–01–06 (1–201)(31), NDCC. The personal representative settles and distributes the decedent's estate "in accordance with the terms of any *probated and effective* will and this title, and as expeditiously and efficiently as is consistent with the best interests of the estate." [Emphasis added.] Section 30.1–18–03 (3–703), NDCC. Thus, when the document appointing someone as personal representative is found invalid, that person can no longer claim to be the personal representative for the estate. Accordingly, Sanden cannot now claim to be the personal representative for the Honerud estate.

Section 30.1–18–20, NDCC, does not provide any guidelines to determine whether a personal representative acted in good faith, nor is there any applicable case law interpreting it. The decisions of jurisdictions having similar statutes are of assistance in determining whether Sanden is entitled, under § 30.1–18–20, to costs and attorney fees. See *Matter of Estate of Nelson,* 281 N.W.2d 245, 249 (N.D.1979). Courts have denied recovery of attorney fees and costs on the theory that a proponent of a will cannot claim to have acted in good faith when the contested will is found to be fraudulent or the result of undue influence. *In re Estate of MacPhee,* 216 So.2d 489, 492 (Fla.Dist.Ct.App.1968); *Sauls v. Estate of Avant,* 143 Ga.App. 469, 474, 238 S.E.2d 564, 567 (1977); *In re Clark's Will,* 54 Misc.2d 1024, 1026, 284 N.Y.S.2d 254, 257 (1967), *affirmed* 291 N.Y.S.2d 1014, 30 App.Div.2d 638 (1968); *In re Estate of Kaufmann,* 51 Misc.2d 560, 562, 273 N.Y.S.2d 533, 536, *decree modified,* 26 App.Div.2d 818, 273 N.Y.S.2d 902 (1966).

Some courts require that before the proponent of a will may recover his costs and attorney fees, he must show that (1) he acted in good faith, (2) his conduct was free from fraud, (3) the litigation benefited the estate, and (4) if the attorneys' fees were payable on a contingent basis, the contingency materialized. See *In Re Estate of MacPhee, supra,* 216 So.2d 489, 491.

■ Counsel for the Honerud Estate asserts that requiring the conduct of an attorney to be free from fraud and to confer a benefit upon the estate was implicitly recognized by this court in *Matter of Estates of Kjorvestad,* 287 N.W.2d 465, 468–69 (N.D.1980). In *Kjorvestad* we found that when costs incurred in prosecuting an appeal are reasonable and are incurred for the benefit of the estate, an award of attorney fees is justified. Although *Kjorvestad* dealt with an attorney seeking compensation for services rendered on behalf of an estate, we find the reasoning applicable here. See also *Liebelt v. Saby,* 279 N.W.2d 881, 888 (N.D.1979). We find that it must appear that the personal representative acted in good faith, that his conduct was free from fraud, and that he benefited the estate before attorney fees and costs may be awarded by the court.

As evidence of his good faith, Sanden offered a memorandum opinion of Judge Norman Backes that denied a motion by the Honerud Estate for attorney fees and costs incurred while defending the appeal of the contested will proceeding. In his opinion, Backes states:

> "The Supreme Court of North Dakota has yet to act specifically upon the issue of frivolous proceedings. However, the Court is of the opinion that the Petitioner acted in *good faith* regardless of how erroneous his motives or knowledge of law may have been." [Emphasis added.]

Backes later testified, in a related case, that the phrase "good faith" referred only to the conduct of the attorney representing Sanden during the will contest in district court, and not to Sanden himself.

Sanden's reliance on Backes' statement is misplaced. The jury, not Backes, was the trier of fact in the contested will proceeding. The jury made no finding as to Sanden's good faith.

■ Sanden initiated the original proceeding in the hope of personal gain and without any intent to benefit the estate. The jury determined that Sanden exercised undue influence over Honerud in executing the will. Sanden cannot now contend that he was without knowledge of his own act of bad faith in offering the contested will for probate. Under the circumstances he is not entitled to any presumption that he offered the will in good faith.

■ The estate seeks attorney fees pursuant to Rule 38, NDRAppP, on the ground that Sanden's appeal is frivolous. As we have stated, "we would deplore any tendency to request a finding of frivolity in any appeals except those flagrantly groundless . . . ." *Danks v. Holland,* 246 N.W.2d 86, 91 (N.D.1976). See also *Freitag v. Freitag,* 318 N.W.2d 760, 762 (N.D.1982). The issue presented for review had not been specifically decided by this court. We cannot conclude, therefore, that the appeal is flagrantly groundless.

Judgment affirmed.

ERICKSTAD, C.J., and PAULSON, SAND and VANDE WALLE, JJ., concur.